# IN THE SUPREME COURT OF TEXAS

No. 11-0606

DEPUTY COREY ALEXANDER AND SERGEANT JIMMIE COOK, PETITIONERS,

v.

APRIL WALKER, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS

**PER CURIAM**

In *Texas Adjutant General's Office v. Ngakoue* (*TAGO*), 408 S.W.3d 350 (Tex. 2013), we considered the election-of-remedies provision of the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE § 101.106. In that opinion, we clarified that one of the provision's purposes is to encourage plaintiffs "to pursue lawsuits against governmental units rather than their employees when the suit is based on the employee's conduct within the scope of employment." *TAGO*, 408 S.W.3d at 352. We realized that purpose by holding that a common-law tort suit against a government employee for conduct within the general scope of his employment is considered to have been brought against the government rather than the employee, and thus does not bar suit against the governmental employer. *Id.* at 357–58. We also indicated that in such a situation the employee is entitled to dismissal pursuant to subsection (f) of the election-of-remedies provision. *See id.*

In the case at bar, April Walker brought suit in state court alleging assault, conspiracy, slander, false arrest, false imprisonment, and malicious prosecution against two Harris County Sheriff's Department employees, Deputy Corey Alexander and Sergeant Jimmie Cook. These claims stemmed from the officers' conduct incident to Walker's arrest on two occasions. Several weeks after filing her state court action, Walker brought suit in federal court against Harris County and the Harris County Sheriff alleging the same tort claims she had levied against the officers in state court, based on vicarious liability principles, and also alleging violations of her civil rights pursuant to 42 U.S.C. §§ 1983 & 1988.

In the state court action, the officers moved for summary judgment under the TTCA's election-of-remedies provision. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(a), (e), (f). The trial court denied the officers' motion, and the officers filed an interlocutory appeal. *Id.* § 51.014(a)(5); *see Austin State Hosp. v. Graham*, 347 S.W.3d 298, 300–01 (Tex. 2011) (per curiam). The court of appeals affirmed, and the officers petitioned this Court for review.[1] Because the officers were entitled to dismissal under subsection (f) of the election-of-remedies provision, we reverse the judgment of the court of appeals and render judgment in favor of the officers. *See TAGO*, 408 S.W.3d at 360.

The TTCA provides a limited waiver of governmental immunity. *See* TEX. CIV. PRAC. & REM. CODE § 101.023. Application of the TTCA's election-of-remedies provision requires a

---

[1] This Court has interlocutory jurisdiction when the decision of one court of appeals "holds differently from a prior decision of another court of appeals . . . on a question of law material to a decision of the case." TEX. GOV'T CODE § 22.001(a)(2); *CHCA Woman's Hosp., L.P. v. Lidji*, 403 S.W.3d 228, 230 (Tex. 2013). In this case, the court of appeals correctly notes that its decision conflicts with *Fontenot v. Stinson*, 369 S.W.3d 268 (Tex. App.—Houston [14th Dist.] 2011, pet. filed).

determination as to "whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008). The Legislature mandates this determination in order to "reduc[e] the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Id.* To that end, the statute compels "dismissal of government employees when suit should have been brought against the government." *TAGO*, 408 S.W.3d at 355. The statute provides in pertinent part:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

> (b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

> . . .

> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE § 101.106(a), (b), (f).

The court of appeals held that, because Walker elected to sue the officers first, she triggered the bar to suit against their governmental employer in subsection (b). 355 S.W.3d 709, 713–14. For the same reason, the court held that Walker's subsequent suit against the County did not bar her

3

previously filed suit against the officers under subsection (a). *Id.* We agree that subsection (a) does not bar the underlying suit, although for different reasons than those expressed by the court of appeals. Those different reasons compel a different result.

In *TAGO*, we recognized that when suit is brought against a government employee for conduct within the general scope of his employment, and suit could have been brought under the TTCA against the government, subsection 101.106(f) provides that "'the suit is considered to be against the employee in the employee's official capacity only.'" 408 S.W.3d at 356 (quoting TEX. CIV. PRAC. & REM. CODE § 101.106(f)). We explained that such a suit "is *not* a suit against the employee; it is, in all but name only, a suit against the governmental unit." *Id.* at 357. This is because a suit against an employee in his official capacity "'actually seeks to impose liability against the governmental unit rather than on the individual specifically named.'" *Id.* at 356 (quoting *Franka v. Velasquez*, 332 S.W.3d 367, 382 n.68 (Tex. 2011)). Accordingly, we held in *TAGO* that a suit against a government employee in his official capacity pursuant to subsection (f) is essentially a suit against the employer and therefore does not trigger the bar to suit against the government under subsection (b). *Id.* at 357–58. We also indicated in *TAGO* that subsection (f) provides the appropriate avenue for dismissal of an employee who is considered to have been sued in his official capacity. *Id.*; TEX. CIV. PRAC. & REM. CODE § 101.106(f) ("On the employee's motion, the suit against the employee shall be dismissed . . . .").

This is in contrast to subsection (a), which contemplates a bar to suit "against any individual employee." TEX. CIV. PRAC. & REM. CODE § 101.106(a). As we have said before, while a suit "against a government employee in his official capacity is a suit against his government employer,"

4

a suit against an employee "in his individual capacity" is a suit seeking personal liability. *Franka*, 332 S.W.3d at 382–83. The plain language of the election-of-remedies provision, then, demonstrates that a suit against the government triggers subsection (a) and bars suit against an employee who has been sued in his individual rather than official capacity. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(a). Accordingly, the applicability of subsection (a) to the underlying suit turns on whether the suit is considered to be against the officers in their individual or official capacities. This requires us to make a determination as to (1) whether the alleged conduct was within or without the scope of the officers' employment, and (2) whether Walker's suit could have been brought under the TTCA against the officers' governmental employer. *See id.* § 101.106(f).

The TTCA defines the term "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *Id.* § 101.001(5). The Restatement (Third) of Agency provides additional clarity by defining the term negatively: "[a]n employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer." RESTATEMENT (THIRD) OF AGENCY § 7.07(2) (2006), *cited by Franka*, 332 S.W.3d at 381 n.63.

The allegations in Walker's petition that relate to the officers stem from their allegedly improper conduct in the course of arresting Walker on two separate occasions. Walker did not allege any independent course of conduct by the officers not intended to serve any purpose of Harris County. On the contrary, Walker's tort claims against the officers in this proceeding are identical to the tort claims she brought against Harris County in federal court, which were based on principles

5

of vicarious liability. Accordingly, we hold that Walker's suit is based on conduct within the general scope of the officers' employment.[2]

We next consider whether Walker's tort claims "could have been brought under [the TTCA]." TEX. CIV. PRAC. & REM. CODE § 101.106(f). In *Franka*, we held that, barring an independent statutory waiver of immunity, tort claims against the government are brought "under this chapter [the TTCA]" for subsection (f) purposes even when the TTCA does not waive immunity for those claims. 332 S.W.3d at 379–80 (quoting TEX. CIV. PRAC. & REM. CODE § 101.106(f)). Walker's common-law tort claims against the officers therefore could have been brought under the TTCA against the government. *See id.*

Because Walker's suit against the officers was based on conduct within the general scope of their employment and could have been brought under the TTCA against the County, Walker's suit is considered to be against the officers in their official capacities only. TEX. CIV. PRAC. & REM. CODE § 101.106(f). As we held in *TAGO*, such a suit "is *not* a suit against the employee; it is, in all but name only, a suit against the governmental unit." 408 S.W.3d at 357. For that reason, it would be inconsistent to hold that the suit was precluded under subsection (a), which bars claims against "individual employee[s]." TEX. CIV. PRAC. & REM. CODE § 101.106(a). Still, because the officers were sued in their official capacities, they were entitled to dismissal pursuant to subsection (f). *See TAGO*, 408 S.W.3d at 357–58. Accordingly, we grant the officers' petition for review, and, without

---

[2] In so doing, we express no opinion as to whether the officers were acting in good faith in the performance of their discretionary functions. That inquiry is relevant to the defense of official immunity, but is not at issue here. *See City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994).

6

hearing oral argument, reverse the judgment of the court of appeals and render judgment in favor

of the officers. *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** June 6, 2014