

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00348-CV

DEBRA LAVERIE, PH.D., APPELLANT

V.

JAMES WETHERBE, PH.D., APPELLEE

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2012-502,988, Honorable William C. Sowder, Presiding

February 20, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

James Wetherbe, Ph.D., sued Debra Laverie, Ph.D., alleging she slandered him through two statements she made to Texas Tech University's provost. After discovery, Laverie filed a traditional motion for summary judgment claiming immunity from suit under section 101.106(f) of the Civil Practice and Remedies Code. The trial court denied her motion. She appeals, contending the undisputed facts showed her statements were made in the general scope of her employment. We will affirm the trial court's order.

Background

At the time of the events giving rise to the litigation, Wetherbe was an associate dean of the Rawls College of Business Administration at Texas Tech University, and Laverie was senior associate dean. The University was engaged in a search for a new dean for the Rawls College, and Wetherbe was among the candidates.

During the dean search process, the University's provost, Bob Smith, sent the following email to the Rawls College faculty and the members of the search committee:

> Dear Colleagues,
>
> I have been informed by different sources that rumors have emerged from the Rawls College about the conduct of the current search for a Rawls College Dean. Specifically, we are hearing that the Rawls community and professionals outside of Texas Tech are being told that there is a strong internal candidate or singular external candidate for the post and that additional internal or extramural candidates need not apply. I wish to set the record straight.
>
> The Rawls College Dean search is a totally open search and all qualified candidates are invited to apply. The search will come to fruition in an open and honest fashion and there is no inside track for anyone.
>
> If there are further questions about the search I encourage you to contact Dr. John Kobza (Associate Dean, Whitacre College of Engineering) who is currently serving as Chair of the Rawls College Dean Search Committee. He will confer with me as needed. Thank you for your cooperation and thank you for helping us spread the word about the authenticity of the Rawls College Business Dean search.
>
> Kind regards, Bob Smith.

Laverie was the only defendant named in Wetherbe's suit. The suit alleged that Smith learned the rumor information from a telephone conversation with Laverie, that she identified Wetherbe as the source of the rumor, that there was no such rumor, that

Laverie fabricated the story, and that all recipients of the email would readily identify Wetherbe as the "internal candidate." The suit alleged that Laverie, in the same telephone conversation, told Smith that an unnamed person in the Rawls College informed her that Wetherbe was using a "listening device" to eavesdrop on conversations in the school. The two slanderous statements, Wetherbe alleged, soured his relationship with Smith and eventually cost him a final interview for the deanship when he was among the selected leading candidates and cost him a promotion to Horn Professor, the University's highest faculty designation. The suit alleged Smith's email further defamed him.

Along with her general denial, Laverie's answer asserted defenses including truth, privilege, sovereign and official immunity and the protection of Civil Practice and Remedies Code section 101.106.[1] Laverie's traditional motion for summary judgment asserted several grounds, among them the contention she was entitled to dismissal under section 101.106(f).

The trial court denied Laverie's motion for summary judgment. This interlocutory appeal followed.[2]

## Analysis

[1] TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (West 2012). Unless otherwise stated, further references to "§ 101.106" are to that section of the Civil Practice & Remedies Code.

[2] We have jurisdiction over an interlocutory order of a district court that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5) (West 2013). For this purpose, Texas Tech University is treated as a political subdivision. *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Texas Political Subdivisions Prop./Cas. Joint Self-Ins. Fund,* 212 S.W.3d 320, 324 (Tex. 2006) ("The State's sovereign immunity extends to various divisions of state government, including agencies, boards, hospitals, and universities"). By moving for summary judgment under section 101.106(f), Laverie was asserting immunity. *Franka v. Velazquez,* 332 S.W.3d 367, 371 n.9 (Tex. 2011).

3

On appeal, Wetherbe contends the trial court properly denied Laverie's motion for summary judgment because in her telephone conversation with Smith she did not act "within the general scope of [her] employment" under the terms of section 101.106(f).

We review *de novo* the trial court's ruling on a summary judgment motion. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,* 289 S.W.3d 844, 848 (Tex. 2009). The party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When moving for summary judgment based on an affirmative defense, such as immunity, the movant bears the burden to conclusively establish each element of the defense. *Morgan v. City of Alvin*, 175 S.W.3d 408, 413 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (*citing Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam)). If the movant conclusively establishes the affirmative defense, the burden shifts to the non-movant to raise a disputed fact issue. *Id.* (*citing Brand v. Savage,* 920 S.W.2d 672, 673 (Tex. App.—Houston [1st Dist.] 1995, no writ)). To determine if the non-movant raises a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so and disregarding contrary evidence unless reasonable jurors could not. *Fielding*, 289 S.W.3d at 848 (*citing City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)).

Section 101.106(f) reads:

> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it

4

could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).

A defendant is entitled to dismissal under section 101.106(f) on proof that the plaintiff's suit (1) was based on conduct within the general scope of the defendant's employment with a governmental unit and (2) could have been brought against the governmental unit under the Tort Claims Act. *Franka v. Velasquez,* 332 S.W.3d 367, 369 (Tex. 2011); *Univ. of Tex. Health Sci. Ctr. v. Bailey,* 332 S.W.3d 395, 401 (Tex. 2011). The Tort Claims Act defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5).

As plead, Wetherbe's suit alleged Laverie intentionally defamed him. In *Franka,* the court stated that "section 101.106(f)'s two conditions are met in almost every negligence suit against a government employee" 332 S.W.3d at 381, but noted that "[w]hether an employee's intentional tort is within the scope of employment is a more complex issue." *Id.* at n.63. The court cited generally to section 7.07 of the Restatement (Third) of Agency. *Id.*

In a per curiam opinion issued last year, the court elaborated on its reference to the Restatement of Agency. *Alexander v. Walker,* 435 S.W.3d 789, 792 (Tex. 2014) (per curiam). After quoting the Tort Claims Act's definition of scope of employment, the

court stated that "[t]he Restatement (Third) of Agency provides additional clarity by defining the term negatively." *Id.* The opinion then quoted the second sentence of the Restatement's section 7.07(2), which provides, "[a]n employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer." *Id. (quoting* Restatement (Third) of Agency § 7.07(2)).[3]

At least three courts of appeals have applied the Restatement of Agency's language to scope of employment determinations under section 101.106(f) in cases involving allegations of intentional torts. *Reece v. Johnson*, No. 10-12-00077-CV, 2013 Tex. App. LEXIS 10621 (Tex. App.—Waco Aug. 22, 2013, no pet.) (mem. op.) (alleged theft of personal property by correctional officers); *Redburn v. Garrett*, No. 03-12-00215-CV, 2013 Tex. App. LEXIS 6005 (Tex. App.—Corpus Christi May 16, 2013, pet. denied) (mem. op.) (suit to enjoin alleged trespass by municipal employees); *Mason v. Wood,* No. 09-12-00246-CV, 2013 Tex. App. LEXIS 2692 (Tex. App.—Beaumont March 14, 2013, no pet.) (mem. op.) (alleged theft and fraud by correctional officers).

Laverie relies principally on opinions applying the definition of scope of authority from *City of Lancaster v. Chambers*. 883 S.W.2d 650, 658 (Tex. 1994) ("An official acts within the scope of her authority if she is discharging the duties generally assigned to her"); *see, e.g., Anderson v. Bessman*, 365 S.W.3d 119, 124 (Tex. App.—Houston [1st

---

[3] The Restatement's section 7.07(2) reads, in its entirety:

> An employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control. An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer. Restatement (Third) of Agency § 7.07(2) (2006).

6

Dist.] 2011, no pet.) (*quoting Chambers*). In view of the Supreme Court's recent application of the Restatement language, however, we include consideration of its negative definition as well. *Alexander,* 435 S.W.3d at 792.[4]

Opinions applying the *Chambers* language to scope of employment determinations under section 101.106(f) recognize that conduct may fall within the scope of employment "even if done in part to serve the purposes of the employee or a third person." *Anderson,* 365 S.W.3d at 125-26 (citation omitted). Likewise, the Restatement language quoted in *Alexander* takes an act outside the scope of employment only when it is part of an independent course of conduct not intended by the employee to serve *any* purpose of the employer. 435 S.W.3d at 792.[5]

On appeal Wetherbe acknowledges that speaking with the University's provost about occurrences at the Rawls College may fall within Laverie's duties for the University, but urges that summary judgment was properly denied because the record does not conclusively establish that, on the occasion of their conversation regarding

---

[4] We do so despite the language in Comment *a* to the Restatement's section 7.07, stating, "[t]his section [7.07] is inapplicable to an employer's liability for one employee's tortious conduct toward a fellow employee, a topic being considered by Restatement Third, Employment Law, in preparation as Restatement Third, Agency, was completed." *See* Restatement (Third) of Agency § 7.07, cmt. a. Laverie and Wetherbe are, of course, fellow employees of the Rawls College.

[5] Among the cases involving intentional torts within the scope of employment cited in the Reporter's Notes to section 7.07 is *GTE Southwest v. Bruce*, 998 S.W.2d 605 (Tex. 1999). Restatement (Third) of Agency § 7.07 (Reporter's Notes (c) (2006)). There, the court found evidence to support a jury's finding that a supervisor was acting in the scope of his employment when he intentionally inflicted emotional distress on other employees. *Id.* at 617-18. The court noted an employer may be liable for an intentional tort committed in the accomplishment of a duty entrusted to the employee, "rather than because of personal animosity*." Id.* at 618. Finding GTE cited no evidence that the supervisor's actions "were motivated by personal animosity rather than a misguided attempt to carry out his job duties," the court affirmed the jury's conclusion.

7

Wetherbe, she was serving any purpose of her employer, as opposed to furthering her own purposes only. We must agree.

Reiterated, it was Laverie's burden when seeking summary judgment to establish conclusively that she was acting within the scope of her employment when she conversed with Smith. *See Cathey,* 900 S.W.2d at 341. The summary judgment record contains no direct evidence of Laverie's intentions when she spoke with Smith about Wetherbe before Smith sent his email, and does not conclusively establish the nature of her motivation in doing so, either as to the dean search or as to the report of Wetherbe's use of a listening device. Consequently, Laverie has failed to satisfy her traditional summary judgment burden required for dismissal under section 101.106(f).[6] For that reason, the trial court's ruling on Laverie's motion for summary judgment was correct. We overrule Laverie's appellate issue and affirm the order of the trial court.

James T. Campbell
Justice

---

[6] Laverie also filed a no-evidence motion for summary judgment. TEX. R. CIV. P. 166(a)(i). We need not address the no-evidence motion. We also do not address the second element of section 101.106(f) immunity, requiring proof Wetherbe's suit could have been brought against the University under the Tort Claims Act. *See Franka,* 332 S.W.3d at 381 (suit could have been brought under the Tort Claims Act if "in tort and not under another statute that independently waives immunity").