

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00357-CV

**MARGARET CANNON,**

**Appellant**

**v.**

**CONNIE SPENCE,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 13-002189-CV-272

## MEMORANDUM OPINION

On November 24, 2014 and December 2, 2014, appellant, Margaret L. Cannon, filed

pro se notices of appeal, challenging judgments granted in favor of numerous parties.[1] In

the current appeal, Cannon complains about the trial court's dismissal of her claims

---

[1] On January 22, 2015, we severed and dismissed Cannon's claims against Officer Tristan Lopez, Officer Bobby Williams, and the City of Bryan. *See generally Cannon v. Bowser*, Nos. 10-14-00357-CV, 10-15-00011-CV, 10-15-00012-CV, 2015 Tex. App. LEXIS 585 (Tex. App.—Waco Jan. 22, 2015, no pet.) (mem. op.). In addition, on July 30, 2015, this Court severed and dismissed Cannon's claims against Deputy Melvin Bowser. *See generally Cannon v. Bowser*, No. 10-15-00249-CV, 2015 Tex. App. LEXIS 7926 (Tex. App.—Waco July 30, 2015, no pet. h.) (mem. op.).

against Connie Spence. As expressed in her pro se briefs, it appears that Cannon takes issue with the manner in which Spence handled stalking complaints made by Cannon against her sister.

As noted in our prior opinion, Cannon timely filed her notice of appeal as to Spence. *See Cannon v. Bowser*, Nos. 10-14-00357-CV, 10-15-00011-CV, 10-15-00012-CV, 2015 Tex. App. LEXIS 585, at *5 (Tex. App.—Waco Jan. 22, 2015, no pet.) (mem. op.). Thereafter, Cannon filed her appellant's brief and a substantially similar "Supplemental Appellant Brief." Attached to her filings are numerous exhibits, including an Adult Protective Services ("APS") report purportedly filed by Ronnie Hampston. This report appears to be the basis of Cannon's complaints against Spence, who is noted as the APS supervisor in the report. The primary allegation in this report is physical neglect, which was reported by Cannon's sister, Liz Jacobson. Cannon complains that the report contains numerous defamatory statements, including an assertion that she is a hoarder who appears to be suffering from schizophrenia or manic depression. Cannon believes that Jacobson concocted these allegations and this report to ensure that Cannon would be disinherited.

Despite the allegations contained in the APS report, Cannon does not adequately explain in her briefs how the trial court erred in granting Spence's motion to dismiss or how Spence violated the Texas Tort Claims Act. Further, she does not cite relevant

authority demonstrating that the trial court erred in granting Spence's motion to dismiss.[2] *See* TEX. R. APP. P. 38.1(i).

Moreover, Cannon acknowledges in her supplemental brief that she sued "the individuals rather than the governmental entities who employed them. Appellant believed she was taking the least invasive course of action . . . ." However, the trial court noted, at the hearing on Spence's motion to dismiss, that Cannon had sued the wrong party.

Nevertheless, it is undisputed that Spence is a government employee for the Texas Department of Family and Protective Services. And in her original answer, Spence asserted that Cannon's complaints center on conduct that is within the general scope of Spence's employment with the Texas Department of Family and Protective Services. We agree.

As such, we conclude that section 101.106(f) of the Texas Civil Practice and Remedies Code required the trial court to dismiss Cannon's Texas Tort Claims Act claims against Spence. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011)[3]; *see*

---

[2] Cannon's briefs contain numerous deficiencies, including a failure to double space her briefs, no table of contents, a non-compliant index of authorities, and no summary of the argument. *See* TEX. R. APP. P. 9.4(d), 38.1(b)-(c), (h). Additionally, the certificate of service in each of Cannon's briefs also appears to be non-compliant. *See id.* at R. 9.5(e) (stating that a certificate of service must be signed by the person who made the service and must state the date and manner of service, the name and address of each person served, and if the person served is a party's attorney, the name of the party represented by that attorney). We invoke and apply Texas Rule of Appellate Procedure 2 to suspend the requirements of rules 9.4, 9.5, and 38.1 and will address Cannon's complaint against Spence. *See id.* at R. 2.

[3] Section 101.106(f) of the Texas Civil Practice and Remedies Code provides that:

*Alexander v. Walker*, 435 S.W.3d 789, 791 (Tex. 2014)[4]; *Tex. Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 357-58 (Tex. 2013). Therefore, we cannot say that Cannon has satisfied her burden of demonstrating that the trial court erred in granting Spence's motion to dismiss. Accordingly, we overrule Cannon's sole issue and affirm the judgment of the trial court.

AL SCOGGINS
Justice

---

If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011).

[4] In *Alexander v. Walker*, the Texas Supreme Court noted the following:

In *TAGO*, we recognized when suit is brought against a government employee for conduct within the general scope of his employment, and suit could have been brought under the TTCA against the government, subsection 101.106(f) provides that the suit is considered to be against the employee in the employee's official capacity only. We explained that such a suit is not a suit against the employee; it is, in all but name only, a suit against the governmental unit. This is because a suit against an employee in his official capacity actually seeks to impose liability against the governmental unit rather than on the individual specifically named. Accordingly, we held in *TAGO* that a suit against a government employee in his official capacity pursuant to subsection (f) is essentially a suit against the employer and therefore does not trigger the bar to suit against the government under subsection (b). We also indicated in *TAGO* that subsection (f) provides the appropriate avenue for dismissal of an employee who is considered to have been sued in his official capacity.

435 S.W.3d 789, 791 (Tex. 2014) (internal citations & quotations omitted).

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed September 3, 2015
[CV06]

