

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00133-CV

———————————————

ANTHONY DELEON, Appellant

V.

ANGELA VILLAREAL AND ROBERT MILLER, Appellees

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-303932-18

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

In what we construe as a single issue consisting of four subissues, Anthony Deleon appeals from the trial court's order dismissing his claims against City of Saginaw police officers Angela Villareal and Robert Miller. We will affirm.

## I.
## Background

Deleon sued Officers Villareal and Miller for negligence per se and intentional infliction of emotional distress, claiming that they wrongfully arrested him and committed perjury when they testified against him during his two-day criminal trial. (A jury acquitted him.)

The officers timely moved to dismiss Deleon's claims under Rule 91a. *See* Tex. R. Civ. P. 91a.3(a). In their motion, the officers argued that under Section 101.106(f) of the Tort Claims Act, Deleon's claims against them must be dismissed, and unless Deleon amended his lawsuit to dismiss them and to name the City of Saginaw as a defendant, his suit must be dismissed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). Deleon responded that Section 101.106(f) did not apply because perjury was not within the general scope of the officers' employment and because he could not sue the City of Saginaw under the Tort Claims Act. Deleon thus refused to amend his pleadings to dismiss the officers and to name the City of Saginaw as a defendant.

Two days before the hearing on their dismissal motion, the officers filed a supplemental Rule 91a dismissal motion arguing that they were absolutely immune

2

from claims based on their testifying at trial. Deleon objected to the supplemental dismissal motion as untimely under Rule 91a.3(a) and (b). *See* Tex. R. Civ. P. 91a.3(a) (requiring a dismissal motion to be "filed within 60 days after the first pleading containing the challenged cause of action is served on the movant"), (b) (requiring a dismissal motion to be "filed at least 21 days before the motion is heard").

The trial court granted both motions and dismissed Deleon's claims with prejudice. On appeal, Deleon raises what we construe as a single issue—the trial court erred by dismissing his case—consisting of four subissues:

- The officers' supplemental dismissal motion was untimely under Rule 91a.3(b);

- The officers' supplemental dismissal motion—filed and served two days before the hearing—was untimely under Rule 21(b);[1]

- Absolute immunity—the basis for the officers' supplemental dismissal motion—does not protect law-enforcement officers from perjury claims; and

---

[1]"An application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, *must be served upon all other parties not less than three days before the time specified for the hearing,* unless otherwise provided by these rules or shortened by the court." Tex. R. Civ. P. 21(b) (emphasis added).

3

- Section 101.106(f) does not apply because perjury is not within the scope of the officers' employment and because Deleon could not have brought his claims against the City of Saginaw under the Tort Claims Act.

Because his fourth subissue is dispositive, we will address it first.

## II.
## The Tort Claims Act

Immunity from suit deprives a court of subject-matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) (op. on reh'g). The Tort Claims Act provides a limited waiver of governmental immunity, *see* Tex. Civ. Prac. & Rem. Code Ann. § 101.025, and has an election-of-remedies provision "intended to 'force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable.'" *Laverie v. Wetherbe*, 517 S.W.3d 748, 752 (Tex. 2017) (op. on reh'g) (quoting *Mission Consol. ISD v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008)). The statute provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f).

4

Under this provision, a defendant is entitled to dismissal when the plaintiff's suit (1) is based on conduct within the scope of the defendant's employment with a governmental unit and (2) could have been brought against the governmental unit under the Tort Claims Act. *See id.* "By adopting section 101.106(f), the Legislature has effectively mandated that only a governmental unit can be sued for a governmental employee's work-related tortious conduct." *Garza v. Harrison*, 574 S.W.3d 389, 393–94 (Tex. 2019).

## III.
## Rule 91a and Standard of Review

A motion under Rule 91a may seek dismissal of a cause of action on the grounds that it has no basis in law or in fact. Tex. R. Civ. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* Like a plea to the jurisdiction challenging a plaintiff's pleadings, a Rule 91a dismissal motion may be based on a party's failure to allege facts demonstrating the trial court's subject-matter jurisdiction over the party's claim. *See City of Dallas v. Sanchez*, 494 S.W.3d 722, 724–25 (Tex. 2016) ("In this case, the analogy is particularly apt because the City's Rule 91a motion challenges the trial court's subject-matter jurisdiction on the pleaded facts.").

"Whether a pleader has alleged facts affirmatively demonstrating the existence of subject-matter jurisdiction is a question of law reviewed *de novo.*" *Id.* at 725. In determining whether dismissal under Rule 91a is required in this case, "we thus

5

consider whether the pleadings, liberally construed, allege sufficient facts to invoke a waiver of governmental immunity under the Tort Claims Act." *Id.* (citing *Miranda*, 133 S.W.3d at 226). A governmental employee's motion to dismiss under Section 101.106(f) of the Tort Claims Act is a claim of governmental immunity. *See Franka v. Velasquez*, 332 S.W.3d 367, 371 n.9 (Tex. 2011).

## IV.
## Discussion

The City of Saginaw is a governmental unit, and it employs the officers. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (defining "governmental unit"). Section 101.106(f) "provides the appropriate avenue for dismissal of an employee [of a governmental unit] who is considered to have been sued in his official capacity," that is, when suit "is brought against a government employee for conduct within the general scope of his employment and, when suit could have been brought under the [Tort Claims Act] against the government." *Alexander v. Walker*, 435 S.W.3d 789, 791 (Tex. 2014). The officers were thus entitled to dismissal if DeLeon's suit was (1) based on conduct within the general scope of their employment and (2) could have been brought against the City of Saginaw under the Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f); *Franka*, 332 S.W.3d at 381 (stating that section 101.106(f) "foreclose[s] suit against a government employee in his individual capacity if he was acting within the scope of his employment").

6

**A. Deleon's suit is based on conduct within the officers' general scope of employment.**

Deleon first contends that the officers' testifying against him was not within their scope of employment because they allegedly committed perjury, which is a crime.[2] *See* Tex. Penal Code Ann. §§ 37.02, 37.03.

The Tort Claims Act broadly defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment," which "includes being in or about the performance of a task lawfully assigned to an employee by competent authority." Tex. Civ. Prac. & Rem. Code Ann. § 101.001(5); *see* Tex. Gov't Code Ann. § 311.005(13) ("'Includes' and 'including' are terms of enlargement and not a limitation or exclusive enumeration, and use of the terms does not create a presumption that components not expressed are excluded."). When determining whether conduct is within the scope of employment, "the critical inquiry is whether, when viewed objectively, 'a connection [exists] between the employee's job duties and the alleged tortious conduct.'" *Garza*, 574 S.W.3d at 401 (quoting *Laverie*, 517 S.W.3d at 753). A governmental employee "is discharging generally assigned job duties if the employee was doing his job at the time of the alleged tort." *Id.* (citing *Laverie*, 517 S.W.3d at 753). "For purposes of section 101.106(f), the employee's state of mind, motives, and competency are irrelevant so

---

[2]Even though Deleon's pleading contained allegations relating to the officers' arresting him, he contended in the trial court and maintains on appeal that his tort claims against the officers are based solely on their allegedly perjured trial testimony.

7

long as the conduct itself was pursuant to the employee's job responsibilities." *Id.*; *see Laverie*, 517 S.W.3d at 753 (stating that conduct may be within the scope of employment "even if the employee performs negligently or is motivated by ulterior motives or personal animus so long as the conduct itself was pursuant to her job responsibilities"). In contrast, an employee's conduct is outside the scope of employment when it occurs "within an independent course of conduct not intended by the employee to serve *any* purposes of the employer." *Garza*, 574 S.W.3d at 400 (quoting *Alexander*, 435 S.W.3d at 792).

As the basis for his claims for negligence and intentional infliction of emotional distress, Deleon pleaded that the officers intentionally and knowingly lied under oath when they testified against him at his criminal trial. It is axiomatic that an arresting officer's testifying at trial is within that officer's general job duties. *See Donohue v. Butts*, 516 S.W.3d 578, 580, 582 (Tex. App.—San Antonio 2017, no pet.) (mem. op.) (concluding that claims for defamation and intentional infliction of emotional distress against sheriff's department captain arising from his allegedly perjured trial testimony were claims based on conduct within the captain's general scope of employment). Thus, when testifying at Deleon's trial, the officers were acting in their capacities as Saginaw police officers and discharging the duties assigned to them. Their states of mind, motivations, and competencies are irrelevant. *See Garza*, 574 S.W.3d at 401; *Laverie*, 517 S.W.3d at 753. We thus conclude that Deleon's suit is based on conduct within the general scope of the officers' employment. *See Donohue*, 516 S.W.3d at 582;

*see also Alexander*, 435 S.W.3d at 790, 792 (holding that claims for assault, conspiracy, slander, false arrest, false imprisonment, and malicious prosecution involved conduct within sheriff's department officers' scope of employment); *McFadden v. Olesky*, 517 S.W.3d 287, 297 (Tex. App.—Austin 2017, pet. denied) (holding that malicious-prosecution suit against police officers based on their providing false information in an arrest affidavit was a suit based on conduct within the officers' scope of employment).

## B. Deleon's suit could have been brought against the City of Saginaw under the Tort Claims Act.

Deleon also complains that he could not sue the City of Saginaw under the Tort Claims Act because the City is immune from suit. But barring an independent statutory waiver of immunity, tort claims against the government "could have brought under" the Tort Claims Act for section 101.106(f) purposes even when the act does not waive immunity for those claims. *See Alexander*, 435 S.W.3d at 792; *Franka*, 332 S.W.3d at 379–82. "This is true even if the claims alleged are intentional torts." *City of Dallas v. Groden*, No. 05-15-00033-CV, 2016 WL 1367380, at *7 (Tex. App.—Dallas Apr. 6, 2016, pet. denied) (mem. op.) (citing *Alexander*, 435 S.W.3d at 792).

Here, Deleon does not assert an independent statutory waiver of immunity. Accordingly, we conclude that his tort claims for negligence and intentional infliction of emotional distress "could have been brought under" the Tort Claims Act against

9

the City of Saginaw even if the act does not waive immunity for those claims. *See Alexander*, 435 S.W.3d at 792; *Franka*, 332 S.W.3d at 379–82.

Because Deleon's suit against the officers was based on conduct within the general scope of their employment and could have been brought under the Tort Claims Act against the City of Saginaw, Deleon's suit is considered to be against the officers in their official capacities only, and they were thus entitled to dismissal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f); *Alexander*, 435 S.W.3d at 792; *McFadden*, 517 S.W.3d at 298. Accordingly, the trial court did not err by granting the officers' Rule 91a motion and dismissing the case, and we overrule Deleon's fourth subissue, which is dispositive of his single appellate issue. We thus do not address Deleon's remaining three subissues challenging the trial court's granting the officers' supplemental Rule 91a dismissal motion. *See* Tex. R. App. P. 47.1.

## V.
### Conclusion

Having overruled Deleon's fourth subissue, which is dispositive of his single appellate issue, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: January 9, 2020

10