**AFFIRMED and Opinion Filed April 5, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00717-CV**

**JOE ERVIN LOCKRIDGE, Appellant**
**V.**
**STEPHANIE MARTIN, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-02578**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Goldstein

Joe Ervin Lockridge appeals the trial court's judgment granting Stephanie

Martin's plea to the jurisdiction and dismissing Lockridge's claims against Martin

with prejudice. In a single issue, Lockridge argues the trial court abused its

discretion by entering a judgment of dismissal with prejudice after he had filed a

notice of nonsuit. We affirm the trial court's judgment.

In September 2020, Lockridge filed in Denton County district court his

original civil complaint against Martin in her official capacity as an assistant

criminal district attorney for Dallas County. Lockridge alleged Martin conspired

with others to cause harm to Lockridge by "presenting to a Court and obtaining significant prison time" for Lockridge.

In October 2020, Martin filed her motion to transfer venue and, in the alternative, motion to dismiss, plea to the jurisdiction, and original answer. Martin argued Lockridge's allegations were based on Martin's alleged misconduct as an assistant district attorney in the underlying criminal case and probation revocation proceedings against Lockridge. Characterizing Lockridge's claims as a suit against her as an employee of a governmental unit based on conduct within the general scope of her employment, Martin argued the suit was not a suit against her as an employee but was, in all but name only, a suit against Dallas County, the governmental unit, citing *Alexander v. Walker*, 435 S.W.3d 789 (Tex. 2014). As a result, Dallas County was the mandatory venue for the underlying lawsuit.[1] Further, Martin argued she was entitled to dismissal of the suit against her under section 101.006(f) of the civil practice and remedies code. Finally, Martin entered a plea to the jurisdiction arguing she was immune from the claims made the basis of Lockridge's lawsuit.

In February 2021, Lockridge filed a motion for leave to file an amended pleading purporting to change "the capacity that Defendant Stephanie Martin is sued in from (Official Capacity) to (Individual Capacity)." Contemporaneously with the motion, Lockridge filed a first amended original civil complaint consisting of three

---

[1] On February 3, 2021, the case was transferred to Dallas County. TEX. CIV. PRAC. & REM. CODE § 15.015.

paragraphs stating the original complaint was changed so that "all defendants [were] being sued in their individual capacity." To the extent Lockridge attempted to sue Martin in her individual capacity, Lockridge did not change the factual basis of the claims asserted against Martin.

On June 8, 2021, Lockridge, upon motion for leave, filed a first amended original complaint naming Martin in her individual capacity, asserting:

> Plaintiff's claims against Stephanie Martin originate from her actions as an assistant criminal district attorney for Dallas County, Texas. Stephanie Martin (hereinafter "Martin") used the authority of her position and acted under color of State law and/or abused such authority under color of state law when she actively conspired with Saylors and Bierman to cause harm to Plaintiff by presenting to a Court and obtaining significant prison time for Plaintiff and actively furthers such harm by furthering to interfere with Plaintiffs parole process by presenting inaccurate, false, and detrimental information to said Parole Board so as to cause denial of same. Claims against her include: Obstruction of justice, official oppression, fraud on a court, fraudulent documentation to a governmental agency, abuse of office, and conspiracy to committ [sic.] fraud on a court and/or governmental agency.

On June 30, 2021, Lockridge filed another first amended original complaint, alleging that "Martin was at all times acting under color of her official position as a criminal assistant district attorney for Dallas County, Texas." Lockridge's June 30 statement of claims against Martin is virtually identical to his June 8, 2021 amended complaint.

On July 8, 2021, the trial court held a hearing on Martin's plea to the jurisdiction. Martin argued that whether Lockridge sued Martin in her individual capacity was not dispositive; rather, as the suit is based upon conduct within the

–3–

scope of her employment as a Dallas County assistant district attorney, she is entitled to dismissal of Lockridge's claims against her.

Lockridge drew the trial court's attention to a motion of nonsuit against Dallas County that he intended to file. Lockridge argued he sued Martin "based on a conspiracy and based on a charge that was put in my pen pack that was dismissed" and that he changed his suit "to put [Martin] in her individual capacity."

Martin responded that Dallas County was not a party to the suit, and Lockridge's claims against Martin were conclusory. The trial court orally granted Martin's plea to the jurisdiction and dismissed Lockridge's claims against Martin. The next day, Lockridge nonsuited Dallas County. On August 20, 2021, Lockridge filed his notice of appeal. The trial court granted the plea to the jurisdiction, dismissing Lockridge's claims against Martin with prejudice on August 31, 2021 by written order.

In a single issue, Lockridge argues the trial court abused its discretion by entering a judgment of dismissal with prejudice after he had filed a notice of nonsuit. Lockridge argues a nonsuit would have allowed him to submit an amended complaint, reissue citation on all parties, and seek adequate legal representation. In essence, Lockridge argues that Martin has not been served with citation in this

lawsuit, and a nonsuit would allow her to be properly served in her individual capacity.[2]

Lockridge's notice nonsuited "the Governmental Unit, Dallas County." However, Dallas County was not a party to the lawsuit, and Lockridge did not nonsuit all claims or other parties. Lockridge consistently alleged his claims against Martin originated "from her actions as an assistant criminal district attorney for Dallas County, Texas." If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. TEX. CIV. PRAC. & REM. CODE § 101.006(f). On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed. *Id.* Here, Lockridge's claims were all based on Martin's conduct within the scope of her employment, and Lockridge did not file amended pleadings dismissing Martin and naming Dallas County as defendant. Accordingly, the trial court correctly dismissed Lockridge's claims against Martin. *See id.* We overrule Lockridge's sole issue.

---

[2] It is undisputed Martin was not properly served. However, Martin appeared in this case and filed a motion to transfer venue, a plea to the jurisdiction, and an answer with affirmative defenses. Such appearance has the same force and effect as if the citation had been duly issued and served as provided by law. TEX. R. CIV. P. 120. Thus, Martin was a party to the underlying lawsuit.

We affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

210717F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JOE ERVIN LOCKRIDGE,
Appellant

No. 05-21-00717-CV    V.

STEPHANIE MARTIN, Appellee

On Appeal from the 298th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-02578.
Opinion delivered by Justice
Goldstein. Justices Partida-Kipness
and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee STEPHANIE MARTIN recover her costs of this appeal from appellant JOE ERVIN LOCKRIDGE.

Judgment entered April 5, 2022.