

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALLEN FRICK, | § | No. 08-21-00176-CV |
| Appellant, | § | Appeal from the |
| v. | § | 85th Judicial District Court |
| JONATHAN JERGINS, | § | of Brazos County, Texas |
| Appellee. | § | (TC# 19-003364-CV-85) |

## CONCURRENCE

Because the law defining scope-of-employment analysis under the Texas Torts Claim Act is clear and well settled, I concur. *See Alexander v. Walker*, 435 S.W.3d 789, 790, 792 (Tex. 2014) (holding claims for assault, conspiracy, slander, false arrest, false imprisonment, and malicious prosecution arose from allegedly improper conduct within law enforcement officers' scope of employment); *Bowen v. Comstock*, No. 10-05-00295-CV, 2008 WL 2209722, at *2 (Tex.App.— Waco May 28, 2008, pet. dism'd) ("If a government employee acts within the scope of his employment in the performance of a discretionary duty and acts in good faith, he is entitled to official immunity *even though his acts are negligent, or even illegal*.") (citing cases).

However, when a plaintiff alleges—as Appellant does here—the state employee committed criminal acts, it offends fundamental notions of due process to shield him individually from suit

and, because the TTCA does not waive immunity for intentional tort claims, effectively preclude the lawsuit against him in his official capacity. Because there is nothing just in this result, and given the recent related calls to reform the qualified immunity doctrine,[1] I write separately.

YVONNE T. RODRIGUEZ, Chief Justice

November 8, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

---

[1] *See, e.g.*, *Kisela v. Hughes*, 138 S.Ct. 1148, 1162 (2018) (Sotomayor, J., dissenting) ("Such a one-sided approach to qualified immunity transforms the doctrine into an absolute shield for law enforcement officers, gutting the deterrent effect of the Fourth Amendment."); *McCoy v. Alamu*, 950 F.3d 226, 237 (5th Cir. 2020) (Costa, J., dissenting in part) (noting the "many voices critiquing current [qualified immunity] law as insufficiently protective of constitutional rights"), *cert. granted, judgment vacated*, 141 S.Ct. 1364 (2021); *Jamison v. McClendon*, 476 F.Supp.3d 386, 391 (S.D. Miss. 2020) (stating that qualified immunity "operates like absolute immunity"); James Craven, Jay Schweikert & Clark Neily, *How Qualified Immunity Hurts Law Enforcement*, Cato Institute (October 5, 2022), https://www.cato.org/study/how-qualified-immunity-hurts-law-enforcement; *see also* Katherine Mims Crocker, *Qualified Immunity, Sovereign Immunity, and Systemic Reform*, 71 Duke L.J. 1701-1780 (2022).