

# NUMBER 13-21-00166-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROY GARCIA,                                                      Appellant,

v.

JUAN GUERRA, INDIVIDUALLY,                                        Appellee.

### On appeal from the 398th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Tijerina

Appellant Roy Garcia appeals the trial court's judgment granting appellee Juan Guerra's motion to dismiss with prejudice under § 101.106(f) of the Texas Tort Claims Act (TTCA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (providing for the dismissal of a suit against an employee of a governmental unit based on conduct within the general scope of that employee's employment if the suit could have been brought against the

governmental unit). By two issues, which we have renumbered, Garcia argues dismissal was improper because: (1) Guerra did not conclusively prove he was acting within the course and scope of employment at the time he committed the tortious conduct, and (2) Garcia did not file his suit under the TTCA against a governmental unit and an employee. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106. We affirm.

## I. BACKGROUND

Garcia was the former public works director for the City of Pharr (the City), and Guerra was the City Manager. On April 1, 2017, Guerra sent Garcia a letter accusing Garcia of "having impermissibly altered the City's official budget spreadsheet" and "tampering [with] a government document in violation of [§] 37.10 of the Texas Penal Code." *See* TEX. PENAL CODE ANN. § 37.10 ("Tampering With Governmental Record"). Guerra terminated Garcia that same day.

On September 6, 2017, Garcia executed a charge of discrimination with the Texas Workforce Commission (TWC), but TWC dismissed the claim.

On May 11, 2018, Garcia sued the City and Guerra, individually. Garcia sued the City for unlawful employment discrimination under Chapter 21 of the Labor Code. *See generally* TEX. LAB. CODE ANN. § 21.051. Garcia sued Guerra individually, asserting slander per se and intentional infliction of emotional distress. According to Garcia's petition, Guerra accused Garcia of criminal acts and made those statements outside the scope of Guerra's employment, causing Garcia severe emotional distress. Garcia attached his TWC charge of discrimination and TWC's notice of dismissal.

2

The City and Guerra filed a motion to dismiss, asserting Guerra should be dismissed pursuant to § 101.106(e) and (f) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e), (f). According to the City, Garcia's allegations stem from Guerra's findings and conclusions as a result of an investigation Guerra performed in his role as City Manager. Garcia responded explaining that § 101.106(e) did not apply because he did not file suit under the TTCA; rather, he sued the City pursuant to the labor code. Additionally, he asserted § 101.106(f) was inapplicable because Guerra was not acting within the scope of his employment when the complained-of conduct occurred.

The City responded that dismissal was proper under § 101.106(f) because the complained-of conduct was within the scope of Guerra's employment.[1] Garcia replied, asserting that defaming a former employee was outside the scope of Guerra's employment, and Garcia attached a list of the City Manager's powers and duties as set forth in the City's code of ordinances. The City responded and attached Garcia's original petition wherein Garcia alleged that Guerra "told other City employees that the reason [Garcia] stopped working for the City was because [Garcia] had committed the criminal act of tampering with governmental records."

On October 26, 2020, the trial court held a hearing on the City's and Guerra's

---

[1] Garcia filed suit against the City for unlawful discrimination pursuant to the Texas Labor Code. *See* TEX. LAB. CODE ANN. § 21.051. The City conceded that dismissal under § 101.106(e) was improper because Garcia did not file suit against the City under the TTCA, and the City amended its motion to dismiss, removing § 101.106(e) as a ground for dismissal. Therefore, we do not address Garcia's second issue regarding whether dismissal was improper under § 101.106(e).

3

motion to dismiss. The trial court granted the motion to dismiss, severed Garcia's claims of slander and intentional infliction of emotional distress, and dismissed with prejudice Garcia's suit against Guerra individually. Garcia now appeals.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

The TTCA includes a comprehensive election-of-remedies scheme that requires plaintiffs to sue either the governmental unit or its employee individually, not both. *See id.*; *Univ. of Tex. Health Sci. Ctr. at Hous. v. Rios*, 542 S.W.3d 530, 536–37 (Tex. 2017). If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed. *See id.*

Section 101.106(f) completely "foreclose[s] suit against a government employee in his individual capacity if he was acting within the scope of his employment." *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). An employee must establish the following to be entitled to dismissal: (1) the employee was an employee of a governmental unit; (2) the employee was acting within the general scope of his employment; and (3) the suit could have been brought under the TTCA against the governmental unit. *See id.* "A motion to dismiss filed by an employee of a governmental unit pursuant to [§] 101.106(f)

4

is a challenge to the trial court's subject-matter jurisdiction, which we review de novo." *Fryday v. Michaelski*, 541 S.W.3d 345, 348 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *see Franka*, 332 S.W.3d at 371 n.9 (explaining that a defendant moving for dismissal pursuant to § 101.106(f) is asserting a claim of governmental immunity).

It is undisputed that Guerra was employed by the City at the time he made the alleged statements, so he meets the first *Franka* prong, and Garcia does not challenge the third prong. *See Franka*, 332 S.W.3d at 381. Garcia only challenges whether Guerra was acting within the scope of employment when he made the alleged defamatory remarks. Accordingly, we will determine whether Guerra proved that the complained-of conduct was based on conduct within his scope of employment as City Manager. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); *Franka*, 332 S.W.3d at 381.

## III.    SCOPE OF EMPLOYMENT

"Scope of employment" is defined as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5). "The scope-of-employment inquiry under [§] 101.106(f) focuses on whether the employee was doing his job, not the quality of the job performance." *Garza v. Harrison*, 574 S.W.3d 389, 399 (Tex. 2019) ("[T]he [TTCA] focuses on 'performance . . . of the duties of an employee's office or employment,' which calls for an objective assessment of whether the employee was doing [his] job when [he] committed an alleged tort, not [his] state of mind when [he] was doing it."). "The scope-

5

of-employment analysis, therefore, remains fundamentally objective: Is there a connection between the employee's job duties and the alleged tortious conduct?" *Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2017) (citation omitted). "The answer may be yes even if the employee performs negligently or is motivated by ulterior motives or personal animus so long as the conduct itself was pursuant to [his] job responsibilities." *Id.* "An employee will of course sometimes have personal motives for performing [his] job a particular way, and a statement made or an act done may simultaneously fulfill a job responsibility while furthering an ulterior motive." *Id.* at 755.

The fundamental inquiry therefore is not whether the employee did his job well or poorly, or whether he did his job selfishly or altruistically, but simply whether he was doing his job. *Id.* Conduct falls outside the scope of employment when it occurs "within an independent course of conduct not intended by the employee to serve any purposes of the employer." *Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014).

## IV.    DISCUSSION

Guerra averred that his statements were in response to an employment investigation and such investigation was within his duties as City Manager. To support his motion to dismiss, Guerra relied on the city manager's job duties that Garcia attached as evidence, Garcia's previous and live pleadings, and Garcia's TWC complaint.

As the chief administrative and executive officer of the City, the city manager's job duties included, among others, seeing that all laws are complied with, appointing all department heads, removing any City employee, promulgating a personnel management

system, evaluating all department heads, and directing and supervising all department heads. Garcia presented no evidence to dispute the characterization of Guerra's duties. Instead, Garcia maintains that slandering a former employee was not within the scope of the city manager's duties.

Again, the relevant inquiry is whether there is "a connection between the employee's job duties and the alleged tortious conduct." *Laverie*, 517 S.W.3d at 753; *see also Hopkins v. Strickland*, No. 01-12-00315-CV, 2013 WL 1183302, at *3 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (mem. op.) ("[A]n act may still be within the scope of the employee's duties even if the specific act that forms the basis of the civil suit was wrongly or negligently performed, so long as the action was one related to the performance of his job."). The trial court could have found that Guerra's statement accusing Garcia of tampering with governmental records was within the scope of Guerra's duties in personnel management, seeing that all laws are complied with, evaluating all department heads, or directing and supervising all department heads, as Guerra is responsible for the efficient administration of all affairs within the City. *See Laverie*, 517 S.W.3d at 754; *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994) ("An official acts within the scope of her authority if she is discharging the duties generally assigned to her.").

Furthermore, whether the statement was true or false or whether Guerra knew the statement was true or false "invites partial litigation of the underlying defamation claim itself." *Laverie*, 517 S.W.3d at 753 (providing that the conduct can still be related to a job

7

duty even if the employee performs negligently or is motivated by ulterior motives or personal animus). "The function of the election-of-remedies provision, however, is not to adjudicate the underlying tort claim but to quickly dismiss government employees when the suit should be brought against their employer." *Id.* Thus, even if Garcia's allegations are true, Guerra was fulfilling his job duties as City Manager in evaluating, directing, and supervising all department heads and thereafter removing any City employee. *See id.* ("Even if Laverie defamed Wetherbe, she did so while fulfilling her job duties.").

Garcia further states Guerra allegedly made the statements after Garcia was terminated, and such conduct does not fall within Guerra's scope of employment as Garcia was no longer a City employee. However, the complained-of statements were made while Guerra was employed as City Manager, regardless of Garcia's termination.[2] "Conduct that serves any purpose of the employer is within the scope of employment even if the conduct escalates beyond that assigned or permitted." *Fink v. Anderson*, 477 S.W.3d 460, 465–66 (Tex. App.—Houston [1st Dist.] 2015, no pet.). Even if Guerra made the remarks *after* Garcia was terminated, Guerra's comments regarding the results of his investigation and the basis for terminating Garcia were made while Guerra was employed as City Manager. *See id.* ("[I]ntentional torts have been held to involve conduct within a governmental employee's scope of employment when they take place while the employee

---

[2] Guerra retired from his position as City Manager in October 2018. To the extent that Garcia argues Guerra made the defamatory statements *after* Guerra retired from his position as City Manager and the complained-of statements therefore cannot be made within the scope of Guerra's employment, we reject such argument. Garcia first sued Guerra complaining of the defamatory statement on May 11, 2018. It is undisputed that Guerra was still employed and serving in his capacity as City Manager on such date.

is engaged in conduct to further an interest of his employer and the tortious act is more of an escalation of—rather than a deviation from—his job duties."). Garcia states that none of the city manager duties gave Guerra "authority to commit tortious conduct such as slander per se or intentional infliction of emotional distress against and ex-employee." But the supreme court has rendered judgment for a governmental employee after concluding that claims against him for intentional infliction of emotional distress and conspiracy to intentionally inflict emotional distress were subject to dismissal under § 101.106(f). *See Newman v. Obersteller*, 960 S.W.2d 621, 622–23 (Tex. 1997). Simply put, Guerra's comments were not "an independent course of conduct" that failed to "serve any purpose of [his] employer." *See Alexander*, 435 S.W.3d at 792. Instead, explaining the findings of the investigation and the resulting decision to terminate Garcia, then serving as the public works director, were natural extensions of Guerra's specific job duties. Thus, we conclude the alleged statements Guerra made while City Manager explaining the basis of Garcia's termination served a purpose of employment. *See id.*

Because the TTCA "strongly favors dismissal of governmental employees," we conclude there is a connection between Guerra's job duties as City Manager and the alleged defamatory statement following Guerra's investigation as it related to Guerra's termination of Garcia in his role as the public works director. *See Laverie*, 517 S.W.3d at 753; *see also Melton v. Farrow*, No. 03-13-00542-CV, 2015 WL 681491, at *3 (Tex. App.—Austin Feb. 10, 2015, pet. denied) (mem. op.) ("Texas appellate courts have consistently held that acts may still be within the scope of the employee's duties even if

9

the specific conduct that forms the basis of the suit was wrongly or negligently performed or driven by personal animus."). Accordingly, the trial court did not err in granting Guerra's motion to dismiss pursuant to § 101.106(f). *Anderson v. Bessman*, 365 S.W.3d 119, 124 (Tex. App.—Houston [14th Dist.] 2011, no pet.). We overrule Garcia's first issue.

## V. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
23rd day of March, 2023.