# IN THE SUPREME COURT OF TEXAS

═══════════
No. 11-1015
═══════════

TIFFANY STINSON, PETITIONER,

v.

STEPHEN FONTENOT, RESPONDENT

═══════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS
═══════════════════════════════

**PER CURIAM**

The outcome of this case is controlled by our contemporaneously issued opinion in *Alexander v. Walker*, ___ S.W.3d ___ (Tex. 2014) (per curiam). Though the court of appeals correctly held that the respondent was entitled to dismissal of the tort claims asserted against him, the court's reasoning is incongruous with *Alexander*. Accordingly, we affirm the court of appeals' judgment, but for reasons different than those stated in its opinion.

The claims in the underlying suit stem from an incident in which Tiffany Stinson was arrested at her home following a traffic stop. Stinson filed suit in Harris County District Court against Harris County Sheriff's Deputy Stephen Fontenot, asserting various intentional tort claims including slander, trespass, assault and battery, intentional infliction of emotional distress, wrongful arrest, false imprisonment, and malicious prosecution. Several weeks later, Stinson filed an action in federal court arising out of the same incident against Harris County and former Harris County

Sheriff Tommy Thomas. The underlying case was removed to federal court and consolidated for pretrial purposes with the federal suit. Following dismissal of the federal claims against Harris County and the Sheriff, the federal district court remanded the tort claims against Fontenot. Fontenot moved for summary judgment, asserting that he was entitled to dismissal pursuant to subsections (a), (e), and (f) of the Texas Tort Claims Act's (TTCA) election-of-remedies provision. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(a), (e), (f). The trial court denied the motion, and Fontenot appealed the order.

The court of appeals reversed, 369 S.W.3d 268, holding that Stinson's suit against the County in federal court entitled Fontenot to dismissal under subsection 101.106(a), which provides that "[t]he filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE § 101.106(a). We agree that Fontenot is entitled to dismissal, but not pursuant to subsection (a). Instead, we hold, in accordance with our decisions in *Alexander* and *Texas Adjutant General's Office v. Ngakoue* (*TAGO*), 408 S.W.3d 350 (Tex. 2013), that Stinson's claims against Fontenot should have been dismissed under subsection (f) of the TTCA's election-of-remedies provision.

In *Alexander*, we explained that subsection (f) is the appropriate avenue for dismissing a government employee considered to have been sued in his official capacity, while subsection (a) bars suit against an employee in his individual capacity. ___ S.W.3d at ___ (citing *TAGO*, 408 S.W.3d at 357–58). For purposes of the TTCA, an employee is considered to have been sued in his

2

official capacity when the suit (1) is based on conduct within the general scope of his employment, and (2) could have been brought under the TTCA against the government. TEX. CIV. PRAC. & REM. CODE § 101.106(f). On that employee's motion, he is entitled to dismissal by the court unless the plaintiff amends her pleadings to substitute the government as a defendant within thirty days. *Id.* Because the plaintiff in *Alexander* sued the defendants in their official capacities, we held that the suit was not barred by subsection (a), but that the defendants were entitled to dismissal under subsection (f). ___ S.W.3d at ___.

In the case at bar, Stinson does not dispute that her suit against Deputy Fontenot is based on conduct within the general scope of his employment. Further, as in *Alexander*, the suit could have been brought under the TTCA against the County. ___ S.W.3d at ___ (citing *Franka v. Velasquez*, 332 S.W.3d 367, 379–80 (Tex. 2011) (holding that, barring an independent statutory waiver of immunity, tort claims against the government are brought under the TTCA for subsection (f) purposes even when the TTCA does not waive immunity for those claims)). Consequently, Fontenot was considered to have been sued in his official capacity only. For this reason, subsection (a) does not bar the suit, but Fontenot was entitled to dismissal under subsection (f). *Alexander*, ___ S.W.3d at ___.

Accordingly, the trial court erred in denying Fontenot's motion for summary judgment, and the court of appeals correctly reversed. We grant Stinson's petition for review, and, without hearing oral argument, affirm the judgment of the court of appeals. *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** June 6, 2014