**Opinion issued January 13, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00469-CV

_____

**BOYD DWAYNE QUINCY, Appellant**

**V.**

**CRYSTAL DOMINICK BRANCH, INDIVIDUALLY AND AS NEXT FRIEND OF T.W. AND T.N.W., MINORS, Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-56531**

---

## MEMORANDUM OPINION

This appeal concerns the election-of-remedies provision of the Texas Tort Claims Act (TTCA)[1] and the trial court's subject matter jurisdiction over a claim brought against a government employee acting in his official capacity.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 101.106.

Boyd Wayne Quincy appeals from the trial court's interlocutory order denying his Rule 91a motion to dismiss the negligence claim brought against him by Crystal Dominick Branch, individually, and as next friend of her minor children T.W. and T.N.W.[2] Quincy argues that the election-of-remedies provision of the TTCA required the trial court to dismiss Branch's claim for lack of subject matter jurisdiction. We agree.

We reverse and render judgment dismissing Branch's claim against Quincy.

## Background

This lawsuit arises from a motor vehicle collision. Branch was driving southbound on Wayside Drive in Houston. And Quincy was operating a dump truck for the City of Houston. According to Branch, Quincy failed to yield the right-of-way and struck her car. The collision caused Branch's vehicle to roll over and resulted in injuries to her and her children.

Branch sued Quincy and the City for negligence. She pleaded that Quincy "was driving a dump truck in the scope of his employment for [the] City of Houston." She further pleaded that he "was performing duties of his office or employment and was in or about the performance of tasks lawfully assigned to him by competent authority" and "was acting within the course and scope of such . . . employment at the time of the collision that made the basis of this lawsuit."

---

[2] *See* TEX. R. CIV. P. 91a.

And he was therefore "acting within the scope of employment as that term is understood under the Texas Tort Claims Act." Branch additionally pleaded that "[the] City of Houston is legally responsible to Plaintiffs for the negligent conduct of [Quincy] because he was an employee of the City."

Branch globally asserted that the trial court had "subject matter jurisdiction over this suit against Defendants under the [TTCA] because the Texas Legislature waived the City's sovereign immunity for claims involving personal injury caused by negligence in connection with a motor vehicle collision."[3]

Neither Quincy nor the City answered the suit. Instead, they each filed a 91a motion to dismiss asserting lack of subject matter jurisdiction under the TTCA. Citing to the TTCA's election-of-remedies provision, Quincy argued that, "by filing suit against both [the City] and Quincy," Branch had "irrevocably elected [her] remedy" and was "forever barred from suing [him] individually." Thus, according to Quincy, Branch's claim against him has no basis in law and must be dismissed. The City sought dismissal of the claim against it on the ground that Branch had failed to plead a valid waiver of its governmental immunity.

The trial court denied both motions. Only Quincy appeals.

---

[3] *See* TEX. CIV. PRAC. & REM. CODE § 101.021.

**Appellate Jurisdiction and Procedural Posture**

As a threshold matter, we must determine our jurisdiction to review the trial court's interlocutory order denying Quincy's Rule 91a Motion to Dismiss and the procedural posture for our review.[4] We generally do not have jurisdiction over an appeal from an interlocutory order denying a Rule 91a motion to dismiss. *City of Hou. v. Tran*, No. 01-24-00235-CV, 2025 WL 309723, at *2 (Tex. App.—Houston [1st Dist.] Jan. 28, 2025, pet. denied) (mem. op.).

But it is well-established that we look to the substance of a motion to determine the relief sought, and not merely to its title, in determining its effect. *Surgitek, Bristol–Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999). In substance, Quincy's motion seeks dismissal of Branch's claim against him for lack of subject-matter jurisdiction—asserting immunity as conferred by section 101.106 of the TTCA. *See Seward v. Santander*, 713 S.W.3d 341, 353 (Tex. 2025) ("A governmental employee's motion that invokes the right to dismissal under the [TTCA's] election-of-remedies provision is, in effect, an assertion of governmental immunity."); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) ("[I]mmunity from suit deprives a court of subject matter jurisdiction.").

---

[4] Although neither party contends that we lack appellate jurisdiction, we have a duty to assess our own jurisdiction sua sponte. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004); *see Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) ("[C]ourts always have jurisdiction to determine their own jurisdiction." (internal quotations omitted)).

"Generally, immunity from suit . . . is properly asserted in a plea to the jurisdiction." *City of Magnolia 4A Econ. Dev. Corp. v. Smedley*, 533 S.W.3d 297, 299 (Tex. 2017). However, the Texas Supreme Court has held that an appeal may be taken from an interlocutory order denying an assertion of immunity, as provided in section 51.014(a)(5) of the Texas Civil Practice and Remedies Code, "regardless of the procedural vehicle used." *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011); *see* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(5) (authorizing appeal from interlocutory order denying motion for summary judgment based on assertion of immunity by an individual who is an officer or employee of the state or political subdivision); *Tran*, 2025 WL 309723, at *2 (interlocutory appeal of order denying Rule 91a motion asserting immunity authorized under section 51.015(a)(5)).

Additionally, section 51.014(a)(8) vests an appellate court with jurisdiction over an interlocutory appeal from the denial of a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). And the supreme court has held that a person sued in an official capacity may appeal the denial of a jurisdictional plea in the same way. *See Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 845 (Tex. 2007).

Here, the only basis for this Court's jurisdiction over Quincy's interlocutory appeal is that his Rule 91a motion was used to challenge the trial court's subject-matter jurisdiction and therefore it effectively constitutes a plea to the jurisdiction.

5

*See Smedley*, 533 S.W.3d at 299 (stating that "[t]his Court considers 'plea to the jurisdiction' not to refer to a 'particular procedural vehicle,' but rather to the substance of the issue raised," and holding that defendant's Rule 91a motion constituted a plea to the jurisdiction "for interlocutory-appeal purposes"); *Harris Cnty. v. Deary*, 695 S.W.3d 566, 577 (Tex. App.—Houston [1st Dist.] 2024, no pet.) ("When a Rule 91a motion seeks dismissal on jurisdictional grounds based on governmental immunity, we may treat the motion as a plea to the jurisdiction, for which we do have authority to review interlocutory orders.").[5]

Therefore, we review the trial court's interlocutory order using the standard of review for a plea to the jurisdiction challenging only the pleadings.[6] *See Specialty Assoc. of W. Hou., PLLC v. Adams*, No. 01-21-00092-CV, 2022 WL 3452329, at *4 (Tex. App.—Houston [1st Dist.] Aug. 18, 2022, pet. denied) (mem. op.) ("To the extent that the Rule 91a motion challenged the trial court's subject-matter jurisdiction, the motion effectively constituted a plea to the jurisdiction, and we

---

[5] *See also City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 822 n.1 (Tex. App.—Austin 2014, no pet.) ("The only basis for the Court's jurisdiction over this appeal is that here the Rule 91a motion was used to challenge the trial court's subject-matter jurisdiction and therefore effectively constitutes a plea to the jurisdiction.").

[6] Rule 91a provides that it "is in addition to, and does not supersede or affect, other procedures that authorize dismissal." TEX. R. CIV. P. 91a.9.

review the trial court's judgment using the standard of review for a plea to the jurisdiction.").[7]

## TTCA Election of Remedies

Quincy argues that the trial court erred in denying his motion to dismiss Branch's claim against him because the trial court lacked subject matter jurisdiction over her claim. According to Quincy, "Branch's decision to sue both Quincy and [the City] constituted an irreversible election to sue [the City], which forever bars any suit or recovery against Quincy."

## A.     Standard of Review

Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Miranda*, 133 S.W.3d at 226. When a plea to the jurisdiction challenges only the pleadings,[8] we determine whether the pleader has met her burden

---

[7]     *See also Lexington v. Treece*, No. 01-17-00228-CV, 2021 WL 2931354, at *13–15 (Tex. App.—Houston [1st Dist.] July 13, 2021, pet. denied) (mem. op.) ("[B]ecause [defendants] used a rule 91a motion to challenge the probate court's subject-matter jurisdiction . . . , the motion effectively constitutes a plea to the jurisdiction, and we review the probate court's judgment using the standard of review for a plea to the jurisdiction challenging only the pleadings."); *Dall. Cnty. Republican Party v. Dall. Cnty. Democratic Party*, No. 05-18-00916-CV, 2019 WL 4010776, at *4–5 (Tex. App.—Dallas Aug. 26, 2019, pet. denied) (mem. op.) (discussing challenges to subject-matter jurisdiction through Rule 91a motions); *Wooley v. Schaffer*, 447 S.W.3d 71, 83–84 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (Frost, C.J., concurring) (comparing and contrasting Rule 91a motions and jurisdictional pleas).

[8]     There are two general categories of pleas to the jurisdiction: (1) those that challenge the pleadings and (2) those that challenge the existence of jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

7

to allege facts that affirmatively establish the trial court's subject matter jurisdiction to hear the case. *Id.* In our review, "we construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent." *Id.* If the pleadings lack sufficient facts to "affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency" and the plaintiff should be afforded the opportunity to amend. *Id.* at 226–27. On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then the plea may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227.

## B. Applicable Law

Under the doctrine of governmental immunity, a governmental entity cannot be held liable for the torts of its employees unless its immunity has been waived. *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022). The TTCA was enacted to provide a limited waiver of immunity for certain suits against governmental entities for property damage, injury, and death "proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment." TEX. CIV. PRAC. & REM. CODE § 101.021(1); *Ryder Integrated Logistics, Inc. v. Fayette Cnty.*, 453 S.W.3d 922, 927 (Tex. 2015). Subsequently, plaintiffs sought to avoid the TTCA's parameters and caps by suing governmental employees instead. *Mission Consol. Ind. Sch. Dist. v. Garcia*, 253

S.W.3d 653, 656 (Tex. 2008). To prevent such circumvention, the Texas Legislature enacted an "election-of-remedies" provision—section 101.106. *Id*.; *see* TEX. CIV. PRAC. & REM. CODE § 101.106.

One of the purposes of the election-of-remedies provision is to encourage plaintiffs "to pursue lawsuits against governmental units rather than their employees when suit is based on the employee's conduct within the scope of employment." *Alexander v. Walker*, 435 S.W.3d 789, 789 (Tex. 2014) (quoting *Tex. Adjutant Gen.'s Office v. Ngakoue (TAGO)*, 408 S.W.3d 350, 352 (Tex. 2013)). It requires a plaintiff to make an "irrevocable election" at the outset of the suit as to whether to sue the governmental entity or a governmental employee in his individual capacity. *Garcia*, 253 S.W.3d at 657.[9] The legislature mandates this to reduce the resources expended by governmental entities and employees in defending against redundant litigation and alternative theories. *Laverie v. Wetherbe*, 517 S.W.3d 748, 752 (Tex. 2017). And our supreme court has acknowledged this purpose by holding that a common-law suit brought against a government employee for conduct within the scope of his government employment is considered to have been brought against the government rather than the employee—and thus does not bar suit against the

---

[9] That is, whether the employee acted independently and is solely liable or acted within the scope of his employment—such that the governmental unit is vicariously liable. *Mission Consol. Ind. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008).

9

governmental employer. *Alexander*, 435 S.W.3d at 789–90 (citing *TAGO*, 408 S.W.3d at 357–58).

Based on these principles, Quincy maintains that subsections (a), (e), and (f) of the election-of-remedies provision required the trial court to dismiss Branch's suit against him. We address only subsection (f) because it is dispositive of this appeal. *See* TEX. R. APP.P. 47.1.

**C.    Analysis**

Section 101.106(f) of the TTCA states that "[i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter [the TTCA] against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only." TEX. CIV. PRAC. & REM. CODE § 101.106(f).

It further provides that, "[o]n the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." *Id.*

"By adopting section 101.106(f), the Legislature has effectively mandated that only a governmental unit can be sued for a governmental employee's work-related tortious conduct." *Garza v. Harrison*, 574 S.W.3d 389, 393–94, 399 (Tex. 2019).

10

And it "requires courts to grant a motion to dismiss a lawsuit against a governmental employee sued in an 'official capacity' but allows the governmental unit to be substituted for the employee." *Id.* at 393.

A governmental employee is "sued in an official capacity when the suit (1) is 'based on conduct within the general scope of that employee's employment' and (2) could have been brought under [the TTCA] against the governmental unit." *Id.* at 394 (quoting TEX. CIV. PRAC. & REM. CODE § 101.106(f)). "Properly construed, [these] two conditions are met in almost every negligence suit against a government employee." *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011).

Under the first factor, a governmental employee is generally a person "who is in the paid service of a governmental unit," with exceptions. TEX. CIV. PRAC. & REM. CODE § 101.001(2). The TTCA broadly defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment" and includes "being in or about the performance of a task lawfully assigned to an employee by competent authority." *Garza*, 574 S.W.3d at 400 (quoting TEX. CIV. PRAC. & REM. CODE § 101.001(5)).

Under the second factor, "any tort claim against the government is brought under [TTCA] for purposes of section 101.106, even if the Act does not waive immunity." *Franka*, 332 S.W.3d at 375.

11

Here, Branch expressly sued Quincy in his official capacity. Branch specifically alleged in her live pleading that Quincy was "driving a dump truck in the scope of his employment for [the City]," failed to yield the right-of-way, and struck her car. She states that, at the time of the collision, Quincy "was performing [the] duties of his office or employment and was in or about the performance of tasks lawfully assigned to him by competent authority" and was therefore "acting within the scope of his employment as that term is understood under the [TTCA]." It is undisputed that the City of Houston is a governmental entity. *City of Hou. v. Rushing*, 7 S.W.3d 909, 914 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).

Thus, there can be no dispute that Branch based her suit on Quincy's conduct as a governmental employee acting within the scope of his employment. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(f); *see also Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983) (assertion of fact in live pleading regarded as judicial admission and conclusively established).[10] Indeed, Branch does not allege any facts suggesting that Quincy was pursuing an independent course of conduct.

---

[10] *See, e.g.*, *Harris Co. v. Doe*, No. 01-24-00096-CV, 2025 WL 3165392, at *4 (Tex. App.—Houston [1st Dist.] Nov. 13, 2025, no pet.) (mem. op.) ("The parties do not dispute that [the employees] were acting in the course and scope of their official duties during the complained-of conduct—in fact, appellee specifically sued them in their official capacities."); *Carpenter v. Alijanipour*, No. 01-24-00307-CV, 2025 WL 1460702, at *2 (Tex. App.—Houston [1st Dist.] May 22, 2025, pet. denied) (mem. op.).

*See Garza*, 574 S.W.3d at 400; *Cerullo v. Johnson*, No. 05-24-00676-CV, 2025 WL 1712078, at \*4 (Tex. App.—Dallas June 18, 2025, no pet.) (mem. op.).

With respect to the second factor, there can also be no dispute that Branch's negligence suit against Quincy is a tort claim that "could have been brought under this chapter against the governmental unit." *See* Tex. Civ. Prac. & Rem. Code § 101.106(f); *Franka*, 332 S.W.3d at 375 ("[A]ny tort claim against the government is brought under [TTCA] for purposes of section 101.106, even if the Act does not waive immunity.")  Indeed, Branch's suit already includes a claim against the City under the TTCA.[11]  The second element of subsection (f) is thus also satisfied. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f); *Garcia*, 253 S.W.3d at 659 ("[A]ll tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106.").

Accordingly, Quincy was entitled to dismissal of Branch's suit against him under subsection (f) of the TTCA's election-of-remedies provision—unless Branch amended her pleadings to substitute the government as the defendant. *See* Tex. Civ. Prac. & Rem. Code §101.106(f); *see also Stinson v. Fontenot*, 435 S.W.3d 793, 794 (Tex. 2014).  Branch had already named the City as a defendant—but she did not

---

[11]     *See, e.g.*, *Harris Co.*, 2025 WL 3165392, at \*4 ("[T]he parties do not dispute that the suit could have been brought under the TTCA against the governmental unit— in fact, appellee sued Harris County under the TTCA.").

amend her pleadings to drop Quincy from the suit as required by subsection (f). *See*

TEX. CIV. PRAC. & REM. CODE §101.106(f).

We therefore sustain Quincy's sole issue and hold that the trial court erred in denying Quincy's motion to dismiss Branch's claim against him. *See id.*; *Garza*, 574 S.W.3d at 400 (section 101.106(f), when satisfied, "mandates dismissal").[12] We further conclude that remand is unnecessary here because Branch's pleadings, taken as true, affirmatively negate subject matter jurisdiction over her claim against Quincy. *See Miranda*, 133 S.W.3d at 227; *see also Cerullo*, 2025 WL 1712078, at *5. An opportunity to replead to allege more facts in support of her claim will not overcome Quincy's immunity.

---

[12] *See also Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 358 (Tex. 2013) (dismissal occurs either through plaintiff's amended pleading or trial court's order granting employee's motion and dismissing suit against him); *Gutierrez v. Williams*, No. 05-25-00289-CV, 2025 WL 2712513, at *4 (Tex. App.—Dallas Sep. 23, 2025, no pet.) (mem. op.) ("When Williams did not file amended pleadings dismissing [the employee] . . . , section 101.106(f) required the trial court to dismiss Williams's suit, and it was error not to do so.").

## Conclusion

We thus reverse the trial court's order denying Quincy's motion to dismiss and render judgment dismissing Branch's claim against Quincy in all things.


Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.