COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ALLEN FRICK, | § | No. 08-21-00176-CV |
| Appellant, | § | Appeal from the |
| v. | § | 85th Judicial District Court |
| JONATHAN JERGINS, | § | of Brazos County, Texas |
| Appellee. | § | (TC# 19-003364-CV-85) |

## **O P I N I O N**

This appeal arises from a trial court's granting of a plea to the jurisdiction. The lawsuit claimed that an agent employed by the Texas Alcohol and Beverage Commission (TABC) committed libel and malicious prosecution in connection with a sting operation focused on the sale of alcohol to underage persons at a bar. The suit was filed against the agent individually, and not the TABC. For the following reasons, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

At the time relevant here, Appellee Jonathan Jergins was an agent employed by the TABC. He arrested Appellant Allen Frick for the criminal offense of selling alcohol to a minor, but Frick was acquitted of that offense in an ensuing jury trial. Frick then sued Jergins. According to Frick's petition, on the evening of September 16, 2016, Jergins "was on duty as an undercover agent for

---

[1] This case was transferred from our sister court in Waco and we decide it in accordance with the precedent of that court to the extent required by TEX.R.APP.P. 41.3.

the [TABC]" and went into Frick's place of employment, a bar in College Station, Texas. In the sting operation, Jergins came with a female minor who would attempt to purchase alcohol.

The petition further alleges that while at the bar, Jergins ordered the minor to attempt to purchase a beer from Frick. But Frick declined to serve her the beer when she could not produce identification showing that she was over 21 years old. Frick asserts that he then asked the minor if Jergins was her father, and the minor responded that he was. Frick then served the beer to Jergins, who then handed it to the minor. Frick alleges, however, that Jergins falsely wrote in a report, and later testified at a trial, that Frick served the beer to the minor. Frick was arrested and charged with serving alcohol to a minor. *See* TEX.ALCO.BEV.CODE ANN. § 106.06. In an ensuing jury trial, a video of the incident introduced into evidence purportedly showed—consistent with Frick's version of events—that Frick served Jergins the beer, who then gave it to the minor. The jury acquitted Frick of the charged offense.

Frick then sued Jergins for malicious prosecution, libel under Chapter 73 of the Texas Civil Practice and Remedies Code, and libel citing Article I, Section 8 of the Texas Constitution. In response, Jergins filed an answer and motion to dismiss premised on section 101.106(f) of the Texas Civil Practices and Remedies Code.[2] Jergins also filed a plea to the jurisdiction, arguing that he was entitled to immunity because: (1) he was employed by TABC and working within the scope of his duties for that agency when the cause of action arose; and (2) no statutory waiver of sovereign immunity existed under the Texas Tort Claims Act.

---

[2] That provision applies when a "suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment" and if it could have been brought against the governmental unit. TEX.CIV.PRAC.& REM.CODE ANN. § 101.106(f). When applicable, the "suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." *Id*.

The trial court granted the plea to the jurisdiction and dismissed Frick's lawsuit. On appeal, Frick challenges that ruling, arguing that: (1) the suit was not barred under TEX.CIV.PRAC.& REM.CODE ANN. § 101.106 because Frick sued Jergins individually and not as an employee of the State of Texas; (2) section 101.106 does not apply because Jergins' actions fell outside the scope of his employment and did not occur as part of a TABC officer's normal, discretionary duties of employment; and (3) his claim was not based on a violation of the Penal Code, but only references the Penal Code violations to highlight that Jergins was acting outside the scope of his employment.

## II.   APPLICABLE LAW AND STANDARD OF REVIEW

### A.   Pleas to the Jurisdiction

Sovereign immunity generally shields the State, its agencies, and its officials from lawsuits unless immunity is waived by the legislature. *See Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57-58 (Tex. 2011); *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 n.11 (Tex. 2006). Texas recognizes two threads of immunity: (1) immunity from suit, even when the government entity's liability is not disputed; and (2) immunity from liability, even though the government entity has consented to the suit. *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019). Here, we deal with immunity from suit, which implicates a trial court's subject matter jurisdiction. *Id*. A plaintiff shoulders the burden of alleging facts establishing that the trial court has subject matter jurisdiction over its claims, or in other words, that a governmental defendant's immunity from suit has been waived. *See Sepulveda v. County of El Paso*, 170 S.W.3d 605, 610 (Tex.App.--El Paso 2005, pet. denied), *citing Texas Assoc. of Business v. Texas Air Control Board*, 852 S.W.2d 440, 446 (Tex. 1993).

An employee of a governmental entity may raise immunity through a plea to the jurisdiction, which challenges a court's authority to hear the case. *See Donohue v. Koehler*, No. 04-

3

16-00190-CV, 2017 WL 943427, at *4 (Tex.App.--San Antonio Mar. 8, 2017, no pet.) (mem. op.), *citing Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) ("A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit"). The plea may challenge either the adequacy of a plaintiff's pleadings or the existence of jurisdictional facts to support a finding of subject matter jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). When a plea to the jurisdiction challenges the pleadings alone, the trial court must construe the pleadings liberally in favor of the pleader, looking to the pleader's intent, and taking the pleader's allegations as true. *Id.* at 226, 228. If the pleading lacks sufficient facts to demonstrate the trial court's jurisdiction, but does not demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 397-98 (Tex. 2022) (recognizing plaintiffs' right to amend their pleadings to allege facts supporting the elements of their claim against the defendant city). But when the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id*. at 397; *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) ("[A] pleader must be given an opportunity to amend in response to a plea to the jurisdiction only if it is possible to cure the pleading defect.").

Whether a party has met its burden of alleging sufficient facts that demonstrate a trial court's subject matter jurisdiction is a question of law that we review de novo. *Miranda*, 133 S.W.3d at 226.

## B. Waiver of Immunity under the Texas Tort Claims Act

The Texas Tort Claims Act (TTCA) provides a limited waiver of sovereign immunity. *Alexander v. Walker*, 435 S.W.3d 789, 790 (Tex. 2014) (per curiam), *citing* TEX.CIV.PRAC.&

REM.CODE ANN. § 101.023. Aside from defining when immunity is waived, one of its provisions— section 101.106—addresses whether a suit should be filed against a governmental employee or the responsible governmental entity. Section 101.106, titled "election-of-remedies," requires a plaintiff to decide at the outset "whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008). The legislature requires the plaintiff to make this decision to "reduc[e] the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Id.* To that end, the statute compels "dismissal of government employees when suit should have been brought against the government." *Alexander*, 435 S.W.3d at 790, *quoting Texas Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 355 (Tex. 2013).

The provision works as follows. Section 101.106(a) provides that suing the governmental unit is "an irrevocable election" to proceed against the governmental unit "and immediately and forever bars any suit or recovery by the plaintiff against any individual employee" for the same matter. TEX.CIV.PRAC.& REM.CODE ANN. § 101.106(a). Section 101.106(b) addresses the converse, making a suit against the employee an irrevocable election to pursue only the employee and not the governmental unit. *Id.* § 101.106(b). But section 101.106(f) provides for a relief valve when a suit may have been mistakenly filed against the employee, and not the governmental entity. It permits the plaintiff to substitute in the governmental entity:

> (f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Id.* § 101.106(f). The key to applying the statute starts with the question of whether the suit is against an employee in an individual or official capacity. *Alexander*, 435 S.W.3d at 791. To answer that question, a court must determine: (1) whether the alleged conduct was within the scope of the employee's employment; and (2) whether the plaintiff's suit could have been brought under the TTCA against the employee's governmental employer. *See id.* at 791-92.

The TTCA defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." TEX.CIV.PRAC.& REM.CODE ANN. § 101.001(5). The Texas Supreme Court has recognized that "'[a]n employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.'" *Alexander*, 435 S.W.3d at 792, *quoting* Restatement (Third) of Agency § 7.07(2) (2006). Thus, the ultimate question for the application of section 101.106 requires a determination as to "whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Id.* at 790, *quoting Garcia*, 253 S.W.3d at 657.

## III.  PLEA TO THE JURISDICTION

### A.  Jergins was acting within the scope of his employment

Frick argues that his claims were not barred by section 101.106(f) because: (1) Frick sued Jergins individually, not the TABC; and (2) Jergins' false accusations against Frick "were not part of a TABC Officer's normal, discretionary duties of employment," which rendered Jergins' actions during the incident outside the scope of his employment. We disagree.

6

In *Laverie v. Wetherbe*, the Texas Supreme Court held that the scope-of-employment analysis under the TTCA does not turn on an employee's subjective state of mind. 517 S.W.3d 748, 752-53 (Tex. 2017). There, Wetherbe, a professor at a public university, sued another professor at the same university, Laverie, in her individual capacity for defamation. *Id*. at 750. Laverie moved for summary judgment contending that she made the allegedly defamatory statements in the scope of her employment with the university, a governmental unit, and was therefore immune from suit in her individual capacity. *Id*. The Texas Supreme Court upheld a summary judgment in Laverie's favor, recognizing that "[n]othing in the election-of-remedies provision or the statutory definition of 'scope of employment' suggests subjective intent is a necessary component of the scope-of-employment analysis." *Id*. Rather, the TTCA "focuses on the 'performance . . . of the duties of an employee's office or employment,' which calls for an objective assessment of whether the employee was doing her job when she committed an alleged tort, not her state of mind when she was doing it." *Id.* at 753, *citing* TEX.CIV.PRAC.& REM.CODE ANN. § 101.001(5). The court further reasoned that to hold otherwise would depart from the scope-of-employment analysis in respondeat superior cases, "which concerns only whether the employee is 'discharging the duties generally assigned to her.'" *Id*. at 753, *quoting City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994). Thus, the "fundamental" inquiry is not whether the employee did their job "well or poorly" or "selfishly or altruistically", but simply whether they did their job. *Id*. at 755; *see also Garza v. Harrison*, 574 S.W.3d 389, 401 (Tex. 2019) ("[T]he employee's state of mind, motives, and competency are irrelevant so long as the conduct itself was pursuant to the employee's job responsibilities.").

The court made a related point in *Alexander v. Walker*, a case in which two Harris County peace officers were sued for common law tort claims, including slander and malicious prosecution.

7

The claims all arose from conduct incident to their arrest of the plaintiff. 435 S.W.3d at 790. In concluding that the officers were entitled to relief under section 101.106(f), the Texas Supreme Court wrote that the plaintiff "did not allege any independent course of conduct by the officers not intended to serve any purpose of Harris County." *Id.* at 792.

Frick's petition alleges that Jergins' improper conduct occurred while he was conducting a sting operation to uncover violations of section 106.06 of the Texas Alcoholic Beverage Code. That provision prohibits the serving of alcoholic beverages to underage persons. *See* TEX.ALCO.BEV.CODE ANN. § 106.06(a) ("a person commits an offense if he . . . gives or with criminal negligence makes available an alcoholic beverage to a minor'); *id*. § 106.03 (a) ("A person commits an offense if with criminal negligence he sells an alcoholic beverage to a minor."). Moreover, Frick's petition specifically alleges that Jergins was "*on duty* as an undercover agent for [TABC]" during the incident. (emphasis supplied) And Jergins' alleged conduct in conducting a sting operation and assisting in the prosecution of the case comports with the statutory duties required of the TABC and its employees. *See* TEX.ALCO.BEV.CODE ANN. § 5.31 (a), (b) (TABC "shall inspect, supervise, and regulate every phase of the business of . . . selling . . . alcoholic beverages" and shall "promote legal and responsible alcohol consumption"); *id.* § 5.33 ("The commission shall supervise and regulate licensees and permittees and their places of business in matters affecting the public."); *id*. § 5.36 (a) ("The commission shall investigate violations of this code and of other laws relating to alcoholic beverages, and shall cooperate in the prosecution of offenders before any court of competent jurisdiction."); *id*. § 5.14 (TABC "may commission as many inspectors and representatives as are necessary to enforce this code" and "[e]ach commissioned inspector and representative has all the powers of a peace officer coextensive with the boundaries of the state").

As was the case in *Alexander*, Frick "did not allege any independent course of conduct by the officer[] not intended to serve any purpose" of the TABC. *See Alexander*, 435 S.W.3d at 792. Rather, Frick's pleadings explicitly state that Jergins was "on duty as an undercover agent for [TABC]" when the incident occurred, and nothing within Frick's pleadings suggest that Jergins' actions fell outside the scope of his employment as a TABC agent or that he was acting to further his own purposes or intentions.[3] Moreover, if Frick's suit is based on Jergins' subjective intent to maliciously prosecute Frick or commit libel against him, we must disregard that intent and focus solely on the objective circumstances that establish whether he was acting within the scope of his duties during the incident. *See Laverie*, 517 S.W.3d at 752-53.

Thus, we agree with the trial court that Frick's suit is based on Jergins' conduct within the general scope of his employment as an agent with the TABC. *See Alexander*, 435 S.W.3d at 792; *see also Koehler*, 2017 WL 943427, at *5-6 (plea to the jurisdiction for claims for intentional torts and violations of plaintiff's rights under the Texas Constitution, which were allegedly committed by officers who wrongfully arrested defendant, was properly granted under section 101.106(f) when the plaintiff failed to allege an independent course of conduct by the officer intended to further the officers' own purposes, rather than those of the police department).

## B. Frick's claims could have been brought under the TTCA against TABC

The second predicate of section 101.106(f) is that the claim could have been brought *under this chapter* against the governmental unit. *See* TEX.CIV.PRAC.& REM.CODE ANN. § 101.106(f). Frick argues that because he could not have sued the TABC for malicious prosecution—an intentional tort under the TTCA—section 101.106(f) does not apply to him. But he misconstrues the section. The "if-it-could-have-been-brought" requirement does not refer to only those tort

---

[3] Frick did not ask below, nor on appeal, for an opportunity to amend his petition, and he does not suggest any plausible basis for how an amended pleading would place Jergins outside the course and scope of his duties as a TABC officer.

claims for which the Tort Claims Act waives immunity. *See Franka v. Velasquez*, 332 S.W.3d 367, 375 (Tex. 2011).

The TTCA waives governmental immunity in only three areas: (1) claims arising out of the use of motor driven vehicles and equipment; (2) claims arising from a condition or use of personal property; and (3) claims arising from a condition or use of real property. *Cronen v. Ray*, No. 14-05-00788-CV, 2006 WL 2547989, at *4 (Tex.App.--Houston [14th Dist.] Sept. 5, 2006, pet. denied) (mem. op.), *citing* TEX.CIV.PRAC.& REM.CODE ANN. § 101.021. And to be sure, the TTCA does not waive immunity for claims arising from intentional torts, such as false arrest or imprisonment. *See* TEX.CIV.PRAC.& REM.CODE ANN. § 101.057(2); *see also Texas Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001) (the TTCA excludes waiver of immunity for claims for intentional torts); *Cronen*, 2006 WL 2547989, at *4 (same). But just because the TTCA does not waive immunity for a specific claim does not mean that such a claim was not brought under the TTCA. *See Franka*, 332 S.W.3d at 375 ("Accordingly, we hold that for section 101.106(f), suit 'could have been brought' under the Act against the government regardless of whether the Act waives immunity from suit."); *see also Donohue v. Dominguez*, 486 S.W.3d 50, 55 (Tex.App.--San Antonio 2016, pet. denied) ("Because the Tort Claims Act is the only, albeit limited, avenue for common law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be under the [TTCA] for purposes of section 101.106."), *quoting Garcia*, 253 S.W.3d at 659.

Frick's claims for libel and malicious prosecution against Jergins were tort claims that could have been asserted against the TABC, and the second prong of section 101.106(f) has been satisfied. [4] *See Cronen*, 2006 WL 2547989 *at* *4 (trial court correctly granted plea to the

---

[4] Frick also alleged a violation of his rights under Article I, Section 8 of the Texas Constitution. Apart from whether this provision implies a private right of action—an issue we do not decide—any claim that could be asserted would

jurisdiction because plaintiff's intentional tort claims against police officer for false arrest and false imprisonment were barred by governmental immunity under the TTCA), *citing* TEX.CIV.PRAC.& REM.CODE ANN. §§ 101.021, 101.057; *see also Koehler*, 2017 WL 943427, at *6 (claims against an officer for unlawful restraint, abuse of office, and aggravated assault were tort theories that could have been brought under the TTCA against the officer's police department).

### C. Conclusion

Because Frick's suit against Jergins alleges conduct within the general scope of Jergins' employment and could have been brought under the TTCA against TABC, Frick's suit is against Jergins in his official capacity only. Thus, Jergins was entitled to dismissal of the claims against him in an individual capacity under section 101.106(f), and the trial court did not err by granting the plea to the jurisdiction on this basis.

Frick's Issues One and Two are overruled.

## IV. SUIT FOR TEXAS PENAL CODE VIOLATIONS

Finally, Frick argues in Issue Three that he did not sue Jergins for violating the Texas Penal Code, but that the violations were "alleged in order to meet his pleading burden of demonstrating Jergins is not entitled to official immunity, because his actions are in violation of settled statutory and legal standards, and were performed in bad faith." We do not understand the trial court's order to turn on whether Frick pleaded violations of a criminal statute or not. Consequently, the issue does not raise an independent basis to set aside the trial court's order. Moreover, Frick cites no authority or citations to the record in support of this argument. For that reason alone, this issue is improperly briefed and is waived. *See* TEX.R.APP.P. 38.1(i) (requiring an appellant's brief to

---

not exist apart from the TTCA. *See Donohue v. Koehler*, No. 04-16-00190-CV, 2017 WL 943427, at *7 (Tex.App.--San Antonio Mar. 8, 2017, no pet.) (mem. op.) (plaintiff's claims for violating rights under the Texas Constitution were properly dismissed because they were not brought under an independent statutory waiver of immunity, and because none of the constitutional provisions implied a private right of action apart from the TTCA).

11

contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex.App.--El Paso 2007, no pet.) ("Failure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint.").

Frick's Issue Three is overruled.

## V. CONCLUSION

We affirm the trial court's judgment granting Jergins' plea to the jurisdiction.

JEFF ALLEY, Justice

November 8, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.
Rodriguez, C.J., concurring